May it please the Court, Deborah DiOrio on behalf of Appellant. Your Honors, I think it comes as no surprise to you from the communications that you received from Mr. Durrani that he is deeply unhappy with the issues that I am raising before the Court and that I intend to argue. And I could not, when I was preparing for this argument, get that voice out of my head, and I informed opposing counsel this morning that I intended to use a portion of my time to urge this panel to reconsider the Appellate Commissioner's ruling denying Mr. Durrani the right to file his own supplemental brief on issues that I have refused to raise for him. And so for that reason, I would request that the Court, prior to submitting this case for oral argument, permit Mr. Durrani to submit perhaps a letter brief raising issues that he has been attempting to raise before this Court since my appointment. Having said that, I would like to address this morning the issue of the rule, what I've characterized as a Rule 32 violation by the trial judge. I think that what the record shows in this case is that the trial judge, first of all, I want to make it clear that after the probation officer submitted his report saying that the cap, the statutory cap, was 120 months, nobody filed any objections. Government counsel did not object to that assertion. And as the parties went into sentencing, the defendant had a reasonable belief that that was the statutory cap due to the lack of objections that were filed. Trial counsel... By the statutory cap, do you mean the statutory maximum sentence? No. I mean, and I should be more clear. What he was basically saying was that the guideline range was 108 to 135 months, but it was capped under the operation of Section 5G to the guidelines that it was capped by the 120 months. And that's what the probation officer said in his report. I got mixed up by the words there. What capped it at 120? At page 15 of the pre-sentence report, the officer says that... I'm sorry. I want to know if the guidelines in the opinion of the probation officer capped it at 120 or if the statute capped it at 120. The guidelines. The guideline range was 108 to 135 months, but because the maximum of the guideline range was above the statutory maximum of 120 months... This gets me to the thing that was on my mind about the sentencing. Let me toss it at you so you can explain. It looked to me as though the judge warned right at the beginning of the sentencing that he was going to depart upwards, and the defendant did not ask for more time. Now, I sometimes represented defendants who wanted to get sentenced fast before the prosecutor and the judge found out about the much worse stuff that they had done than what they were getting sentenced for. I mean, there can be really good reasons not to ask for more time. And it looks like in this case he got his warning, I'm going to depart, and he doesn't ask for more time. So I don't see what the error is. Okay. I have two comments to that. First, the first part of the entire hearing, which lasted, it looks like it lasted over a good hour, was the defense attorney begging for a continuance on unrelated grounds, not on grounds related to the sentence, but begging for a continuance. And the district court judge... But not on this ground. Not on this ground, but this ground had not yet been articulated. But they went around and around and around on his request to continue the sentence, and the district court judge made it abundantly clear that there would be no continuance and that the sentencing was going to go forward. Keep in mind that at this point, while this was all happening, there was still the understanding that the sentence was capped at 120 months because the government did not file objections to that probation report. Then, as they were about to proceed into the sentencing, the trial counsel informed the judge that he had not reviewed the probation report with his client, that he had not reviewed the content. The judge became angry, ordered him to go into the jury box and review the probation report with the defendant in the jury box. Again, signaling very strongly, I'm not continuing this case. We're going forward now. So, in answer to your question, why did... And finally, the judge's statement that he wasn't going to follow, that he was going to depart, was very perfunctory. He gave no reasons why he wasn't going to depart. He simply said, I'm inclined to impose a sentence higher than the guideline range. The reasons that he articulated... It wasn't entirely perfunctory. He told Mr. Durrani very clearly that he thought it was close to treason, that he had been dealing with arms to Iran, that... After he pronounced sentence. What happened was he made that perfunctory statement. Then he gave the defense counsel a chance to say something. And the defense counsel asked that it be concurrent. He gave no other reasons, Your Honor, none. Then the prosecution spoke. Mr. Durrani spoke. And then, and only then, did the court both impose sentence and articulate the reasons. But it was after everybody had already allocated. And under Rule 32, I think what is supposed to happen is that you're supposed to give the defendant notice of what you're going to depart on and give them the opportunity to respond to it. I can think of many responses that I would have made to the judge's, what we now have as the judge's reasoning. For example, this whole business about Mr. Durrani exporting things to Iran. The trial testimony was clear that the trip to Iran happened with co-conspirator Budenz, that Budenz and another unindicted person, Larry Cruickshank, are the ones that went to Iran and negotiated with the Iranians about the sale of some export items. And that Mr. Durrani, it was not contested that Mr. Durrani did not go on that trip and did not have any knowledge of that trip until well after the fact. So there were explanations and reasonings that could have been articulated had the defense been aware of what the judge's grounds were in imposing the departure. And Rule 32, Booker doesn't change that. Amelin doesn't change that. Nothing changes the responsibility to allow the defendant to respond to the judge's reasonings for imposing a departure. And I think that that's what happened in this case. Now, we do have an issue of whether or not, and I'll be frank with the court, I don't know what Judge Burns would do on remand, but I think that it's fair under the rules that Mr. Durrani be given an opportunity to respond to the judge's concerns, and the judge can then decide whether or not the sentence that he originally imposed was reasonable. So, Your Honor, that's my argument on the Rule 32 issue. I'd also like to use some of my time to discuss the Rule 404B issue. I didn't understand, incidentally, what Mr. Nadim was talking about when he asked for the continuance. He said something about there has to be a 10-day difference between the date of the last motion and the sentencing act. I just didn't know enough about the case to understand the argument. I think everybody was confused about the argument that Mr. Nadim was making, and Judge Burns construed his argument. He, too, was confused about the request for the 10 days, and what Judge Burns ended up saying was that he thought that Mr. Nadim was referring to a state court rule or a rule used in bankruptcy proceedings that had to do with when the judgment was entered and when the sentencing could proceed. Judge Burns ultimately concluded, I believe correctly, that Mr. Nadim was not asserting an appropriate ground for a continuance of the federal sentencing. I got totally lost here. Instead of the defense lawyer giving the judge citations of authority, the defense lawyer asked the judge, he said, Judge, you should give me a citation of authority for what you're doing. And I couldn't figure out what the defense lawyer wanted or why he wanted it. What were they arguing about? I understand your confusion. I share your confusion. I believe that Mr. Nadim thought that there was a requirement, a rule, that entitled him to a continuance. I think he was conflating. Oh, was he thinking he was in state court? Yes. They have something like that in state court? Yes, because he was conflating. Now I get it. He was misunderstanding the motion for a new trial and what that did. Now I get it. So Judge Burns heard all of that. So it didn't have anything. So after that was all over, then the judge said, I don't agree with the probation officer. I'm giving you notice now that I'm going to depart upward. Right. And at that point, the defense lawyer didn't say, for that I need more time. He did not. But, again, I think it would have been absolutely futile because even before after that. Why? Well, because after the first, it was clear. I mean, that's actual federal law that a judge has to give notice that he's going to depart upward and the defense. Well, I think the reason that he did not, the reason that the trial counsel believed that the request for contingency would be futile is because he obviously and incorrectly appeared to believe that he was absolutely entitled to this continuance. And he was so convinced that he was entitled to this continuance that he didn't even go over the probation report with his client. Judge Burns knew that he hadn't reviewed the probation report with his client, which is pretty much, you know, sentencing 101. And yet he did not continue the case at that proceeding for that reason. He said, go in the jury box. So it's – I think it's pretty clear from this record that this judge on this day was going to go forward with that sentencing and that that is why Mr. Nadim didn't bother to ask for another continuance. Did everybody else clear out so they had privacy in the jury box to talk about it? The record is unclear to that – unclear as that. I believe that Mr. Cole was probably present and he might be able to tell you, but I wasn't trial counsel and I don't know the answer to that. Generally, I've seen that happen before in court. No. Other proceedings continue. And everybody's not sitting there listening. Other proceedings continue. But the defendant is in court, in open court, reviewing the probation report with his attorney. But I can't speak to that in this case. Turning to the 404B issue, in this case I've characterized it as 404B, the main point that I want to make about that is that the conviction that was used against Mr. Durante at trial was 19 years old. Mr. Cole points out that it's from the date of the offense, so it was at least 16 years old at the time that they used it. And the problem that I have in this case is that all of the reasons that were articulated by the court in the pretrial motions for why he was going to allow this evidence to come in had to do with grounds that were never presented at trial by Mr. Durante. Mr. Durante never said, either directly on his own test, during his own testimony, or during cross-examination of the witnesses against him, he never at any time said that he did not know that it was against the law to violate the Export Act. He did not raise that defense. And so the purposes for which the trial judge allowed the 404B to come in never occurred. Had the judge reserved his ruling and said, well, you know, I think that preliminarily I'm inclined to let this in, it might come in on motive, it might come in on intent, absence of mistake, once he heard the testimony, those reasons would have evaporated. Mr. Durante never denied that. And the prosecution makes the argument that it was somehow inextricably linked with the offense and that he needed it to explain a coherent theory to the jury as to why the witnesses did what they did. However, there was evidence admitted that Mr. Durante was deported. And had they simply kept it at that, that explained absolutely everything that the government needed to explain for a coherent theory. Mr. Durante's defense in this case was a credibility defense. Aren't they allowed to anticipate a defense and put on evidence in their case in chief to foreclose the anticipated defense? Do they have to save it? I thought we had authority that said that the judge can use 404B on that basis  Well, Your Honor, if the government is using evidence to show that the defendant had a propensity to commit the crime, which is exactly what happened in this case, then the articulated reasons are No, I don't mean a propensity. That's illegitimate. You're right about that. I mean, showing that he has knowledge of arms exporting requirements, that would give him a motive for organizing the conspiracy in the manner with the structure that he did. And the knowledge and motive are 404B exceptions to the rule against introducing propensity evidence. Well, the short answer to that So what I'm thinking is the government could anticipate that Durante may testify he had no idea that what he was doing violated American law and he was just trying to sell junk to Belgium, and what does he know? No, Your Honor, I don't believe they can put that on in their case in chief because the 404B evidence has to be relevant to a material issue in the case and there was absolutely no indication that that was going to be That's an element of the crime But they could have done it in rebuttal. They could have put it on Why would they have to do it in rebuttal? Well, because the defense argument was that it's not relevant to any issue that it's highly prejudicial and that under a balancing test the court should not write it Isn't it relevant to the mental elements of the crime? I don't think so, under the evidence that the government had, Your Honor There was simply no indication at any point in the proceedings that Mr. Durante was denying that he was aware of that element How much of an exchange was there at the time of objecting to the 404B evidence? There was quite an exchange The defense filed pretrial motions objecting to it They discussed it at the motion in limine And, quite frankly, the government relied on it heavily They brought it up two times in their opening statement They introduced and read from the conviction prior to the testimony of the cooperating co-defendants And then they referred to it again in closing argument So it was quite heavily relied on And I see I have just a few minutes left of my time and I'd like to reserve that Thank you Good morning, Your Honors May it please the Court William Cole for the United States I'll take the issues in the order that Mr. Arrio has raised them With respect to the Rule 32 I think the issue here that makes this case different from others where courts have been reversed for not giving adequate notice is that the grounds upon which the district court relied were listed as possible grounds for departure in the pre-sentence report Every pre-sentence report has a section for either recommended departures or possible grounds for departures These grounds were laid out in the pre-sentence report And when you couple laying out those possible grounds in the pre-sentence report and the judge stating before allocution, before sentencing that he intends to depart upward then under this Court's authority in Acosta 895 F. 2nd. 597 there is adequate notice of the intended departure And as the government has pointed out in its brief it's quite easy to link up the judge's concerns at sentencing with the grounds stated as possible grounds for departure Those grounds were, unsurprisingly national security, foreign policy issues multiple occurrences, sophistication Each of those reasons were addressed by the court during the sentencing Now the reason, just to get back to one confusion that happened with the pre-sentence report Counsel is correct, the pre-sentence report erroneously stated that the guideline range was capped at 120 And that's a statutory cap Yeah, and what happened is that the probation officer acted as if this was a single count case And so, if there's only 10 years available under the statute then the guideline range would be capped This was a multiple count case, and so the guidelines actually say that you if you need to take more time on another count to get the full sentence under the guidelines, that's what you do Now, counsel said that the government did not object Well, the government did file a sentencing summary chart well in advance of sentencing, setting forth the proper guideline ranges and recommending the proper guideline ranges 108 to 135 and recommending the high end of 135 And so the government definitely put the defense and the court on notice that it disagreed with the guideline calculations set forth in the pre-sentence report And those guideline calculations in the government sentencing summary chart did not rely on departures, did not rely on any different enhancements It was simply the same exact calculations by the probation officer but given the correct range at the end of the day under the guidelines This issue of the defense attorney asking for a continuance that was all about the new trial motion Mr. Durrani had a theory that he'd recently discovered some evidence relating to his immigration record an issue that had already been heavily litigated The court had given a lot of time to that issue in the pre-trial period The court denied that motion for continuance on that ground There was never a request for continuance to my knowledge or my recollection having to do with any sentencing issue When Mr. Nadeem informed the court that he had not reviewed the pre-sentence report in response to the court's question on that regard the court had him sit over in the jury box, which was empty and review, the court had a long calendar that day and allowed Mr. Durrani and Mr. Nadeem to review the pre-sentence report Afterwards, they both acknowledged on the record that they'd reviewed the report There was no request for continuance at that point and the sentencing went forward So the government would submit that the Rule 32 issue does not provide any basis for reversal particularly as the pre-sentence report identified the possible grounds for departure So after they reviewed the report, Durrani or his lawyer both told the judge, we've now reviewed the report and we're prepared to proceed? Yes, in fact, and I apologize, I can't Could you cite that? I can't at the moment I could send in perhaps a letter to make it easy for your honor to find the citation after I get back to the office We'll let you know if we want I thought you just probably had it tabbed and highlighted I should have had it tabbed and highlighted This issue of going over to the box to review the report wasn't an issue raised in the papers on appeal and so I hadn't anticipated that being an issue I'm going off my memory now, but I do know it occurred I apologize, I don't have the cite As for the 404B, counsel brings up two points First is remoteness and as pointed out in the government's papers I would submit that remoteness This court, and frankly, probably every circuit has made clear for years and years that remoteness only provides a rational basis for analysis in relation to the reason for which the evidence is being offered and as the district court here correctly observed remoteness was irrelevant essentially to this conviction because it was clear from Mr. Durrani's own conduct that in the offense period he was talking about that conviction with his co-conspirators and so there was no reason to believe that Mr. Durrani had forgotten that he'd sat in a jury trial for this type of an offense he'd forgotten that it was against the law he'd forgotten any of that because here he is in the offense period talking about his conviction and so the government would submit that considering the reasons for which it was admitted which was to show his knowledge of the export control laws and his intent to interpret his actions in this case that it was not too remote and to say it was too remote would really just be an arbitrary line based on the fact that this was 16 years when this court has said many times in the past that there is no time there is no sort of de facto or arbitrary time period on remoteness The second point was that it wasn't probative or relevant because Durrani never disputed his knowledge of the Arms Export Control Act and the government would submit Judge Kleinfeld mentioned that he thought there was some authority there is I apologize it's not cited in the brief it's Mayans U.S. v. Mayans 17 F. 3rd 1174 and that case on 1182 makes the very point that the court was making earlier in the questioning and that is that once the court goes through the 404b analysis it doesn't consider whether the defense may or may not dispute an element of the offense if the government has to prove an element a material element of the offense it is incumbent upon the government to do that in its case in chief and it is entitled to do that with the best evidence available and if the evidence meets 404b standards then it doesn't have to wait and guess at what the defense is going to do and so I think that settles the I think Mayans settles that issue and of course Dorani is it an element or is it a defense the is knowledge that the act was contrary to the law an element or is the fact that I didn't know from the defense it's an element your honor these a violation of the Arms Export Control Act is like a tax case it has a willfulness requirement the highest in fact it's the highest level of intent that I'm aware of in willfulness doesn't necessarily mean knowledge of illegality well I would submit it does you have to know willfulness is that you have to know that what you're doing violates the law could you read the relevant statutory language to us it is 22 USC 2778 B2 and in 22 USC 2778 B2 it specifically says that in order to be criminally prosecuted it must be a willful violation now what a willful violation means I might just have it in front of me and you can read us the words I don't have the statute in front of me but willful is and I apologize your honor willful is I apologize willful is right in that and in every case this court has Lizarraga is a case that the Ninth Circuit has issued I don't have the site because again the issue and I apologize but in the briefing no one's ever disputed that willfulness is an element of the offense that was never challenged but what happens is if you look at United States v. Bryan the U.S. Supreme Court case interpreting willfulness in U.S. v. Bryan B-R-Y-A-N the court says that in order for the government to prove willfulness it has to prove that the person knows what they're doing is against the law and just like in the tax case so you could also look at any of the tax authorities on willfulness which is a similar standard and so we can't just show that he did something that was against the law we have to show that he knew it was against the law not even that he intended to send the stuff out that's not enough not even that he intended to send it out without a license but that he knew a license was required and that he intended to violate the law and that's a high standard it usually is the issue in these cases and the fact that the defendant didn't raise it of course the defendant's trial was after the ruling on 404-B it would be a little silly once the government has established its ability to admit the prior conviction it would be a little silly then in the defense to act like he didn't he wasn't aware of the law and so you can't rely on the fact that he didn't raise it in his opening statement after the court has already said the conviction's coming in as a reason to keep the to hold the reserve I don't know when you would reserve ruling too I mean you could reserve ruling until the Rule 29 is brought and then we're and then we're left holding the bag without very strong evidence of willfulness being in the record and this court has considered that issue and in my end said that no the 404-B analysis doesn't depend on the defense it depends on the four factors set out for 404-B analysis  the court has other questions I would submit Thank you Counsel Answer to your question on what the judge did is on page 207 of the appellant's excerpt of record and what is reflected on that page is that after the parties came out of the jury box the court said Mr. Nadim have you now had the opportunity to go over the probation report Mr. Nadim yes the court have you seen the probation report Mr. Durrani the defendant yes and again what he saw was the 120 month probation and then the judge says I'm happy to hear from you no further discussion of continuance sir no further discussion and then the only other point that I'd like to make on that issue and then I will leave it is that under the local rules in the Southern District of California if you are going to make an objection to a guideline calculation that's contained in a probation report or if you want to make an argument that the improper guideline was cited you have to file an objection and you have to give the opposing counsel an opportunity to be heard and I think that part of what happened on this case was that Mr. Nadim was under the impression that the guidelines and statutes as recited by probation were correct and the single judge in the Southern District would not construe that. I'm trying to see how this was sent out in the briefs. I mean if I understand you correctly you're saying well we're defendants and if we fail to object to something in the pre-sentence report we're stuck with it and if the government fails to object to something even if it's erroneous as a matter of law they're stuck with it. I don't know if I see that as sort of an issue in the brief. I think that's a good point because one of the and you're right it's not I did not make that argument in my brief but I would note that Mr. Cole made  against Mr. Durrani. He was basically making the argument that Mr. Durrani did not object and didn't say anything and I think that what's good for the goose is good for the gander. But again my main point on that is that I believe the record is clear that defense counsel felt that it would be futile to ask for a continuance from Judge Burns. You're really weaving that into your argument on notice and lack of continuance. I'm going to submit the rest of the argument unless the court has any questions for me. Thank you counsel. Is there a question whether you want to get another brief from Durrani personally? Oh, we will decide whether we want to get another brief from    we'll just withdraw the case from submission while it comes in. Any other questions? No. Okay. Thank you. I think I got through this last one. You sure? Yeah. United States       so much fun. It's just so much fun. It's so much fun. It's so much fun. It's so much fun. Very much fun. No time attempts at all. But I just realize the clock has not been adjusted for day by day.    wait to see what happens next.
judges: Fisher, Paez, Canby